# United States District Court

## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**JEROME ANTHONY LEWIS III**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:06-CR-43**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

    _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is alleged to have violated state law by leaving the scene of a personal injury accident and by associating with a known felon.  He is also alleged to have kept marijuana under the bed in his bedroom.

A year ago, in April 2010, defendant drove his car into a tree after falling asleep at the wheel.  He then walked 10 miles home before calling the police.   (continued on attachment)

## Part II – Written Statement of Reasons for Detention

The court finds that defendant has failed to show by clear and convincing evidence that there is a condition or combination of conditions that will assure the safety of the community during the pendency of this matter, due to defendant's proclivity for driving while prohibited from doing so and driving while under the influence of alcohol.

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 1, 2011 _____

/s/ Hugh W. Brenneman, Jr.

_____
*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq. ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq. ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Jerome Anthony Lewis, III
1:06-CR-43
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) -** (continued)

In November of last year, defendant drove while intoxicated.

The present petition grows out of another accident in which defendant's car hit a tree, and he was charged with leaving the scene of a personal injury accident.  Defendant suffered various injuries in the accident.  The police searched his residence and marijuana paraphernalia was found throughout the house, including in the master bedroom.

At the time of the accident defendant had a restricted drivers license which did not permit him to drive at night.  The accident occurred sometime before 3:30 a.m.  Defendant's wife was reported driving the car, but was subsequently charged with filing a false police report in doing so.  Fingerprints found in the vehicle established that another felon, Arthur Leon Jones, Jr., had also been in the car at the time of the accident (his case is being heard by the Hon. Janet T. Neff.)

Defendant has been working periodically in a store owned by his wife which sells hydroponic equipment suitable for growing marijuana.  His wife has a Michigan medical marijuana license.